UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIDNEY D. JENKINS, III,

               Plaintiff,

   v.

TIMOTHY BRADSHAW, *et al.*,

               Defendants.

Case No. C20-1794-BJR-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Sidney Jenkins has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

On December 9, 2020, plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. 1.) Plaintiff alleged therein causes of action arising out of his criminal prosecution in King County Superior Court in 1998-99. (*See* Dkt. 7.) Specifically,

REPORT AND RECOMMENDATION
PAGE - 1

plaintiff alleged that the two King County deputy prosecutors who prosecuted the criminal case against him violated his due process rights when they fabricated a sentencing statute in plaintiff's judgment and sentence causing him to be wrongfully sentenced to a term of life in prison without the possibility of parole. (*See id*. at 4-8.) Plaintiff further alleged that his defense counsel allowed the prosecutors to fabricate the statute and thereby engaged in a conspiracy to violate plaintiff's due process rights. (*Id*. at 9.) Finally, plaintiff alleged that the prosecutor who filed the charging document against him violated his right to equal protection when the prosecutor falsely designated the victim of plaintiff's crime as a non-participant resulting in a monetary judgment being entered against plaintiff. (*Id*. at 10-11.)

Plaintiff identified as defendants in this action former King County deputy prosecutor Timothy Bradshaw, King County deputy prosecutor Stephen Teply, and defense attorney Don Minor. (*Id*. at 1, 3.) Plaintiff seeks $20 million in damages for the alleged violations of his rights. (*Id*. at 13.)

Because challenges to the fact or duration of a prisoner's confinement are not permissible under § 1983, *see Preiser v. Rodriguez,* 411 U.S. 475 (1973), this Court, on January 27, 2021, issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 8.) The Court explained in its Order to Show Cause that the United States Supreme Court, in *Heck v. Humphrey,* 512 U.S. 477 (1994), held that a claim brought under § 1983 that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a rit of habeas corpus." (*Id*. at 2, citing *Heck*, 512 U.S. at 489.) The Court noted plaintiff's conviction had apparently not been invalidated in any fashion and it therefore appeared his claims were barred by *Heck*. (*Id*.)

REPORT AND RECOMMENDATION
PAGE - 2

The Court went on to note that even assuming plaintiff's claims were not barred by *Heck*, he had not identified a viable defendant in his complaint. (*Id.*) Specifically, the Court explained that the two attorneys who prosecuted the case against him, Timothy Bradshaw and Stephen Teply, were entitled to absolute immunity from liability in this action. (*Id.* at 2-3, citing *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983) (persons who perform official functions in the judicial process are absolutely immune from liability for damages under § 1983); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors have specifically been accorded absolute immunity from § 1983 claims for acts done within the scope of their official duties).) The Court further explained that plaintiff's public defender, Don Minor, was not considered a state actor for purposes of bringing suit under § 1983. (*Id.* at 3, citing *Polk County v. Dodson*, 454 U.S. 312 (1981).)

On February 3, 2021, plaintiff filed a response to the Order to Show Cause. (Dkt. 9.) Plaintiff argues in his response that *Heck* does not bar his claims because success in this § 1983 action would not invalidate the sentence he seeks to challenge, it would, at most, entitle him to monetary damages. (*Id.* at 5-6.) Plaintiff explains that he attempted to obtain habeas relief from the state courts but was precluded from doing so by the state time bar, RCW 10.73.090, and that he sought permission to file a second federal habeas petition but was precluded from doing that too. (*Id.* at 6.) Plaintiff maintains that because he was foreclosed from pursuing habeas relief in any forum, his life without parole sentence will stand regardless of the outcome of this case. (*See id.*)

Plaintiff also argues in his response to the Order to Show Cause that the deputy prosecutors are not entitled to absolute immunity for allegedly fabricating statutory language contained in his judgment and sentence. (*See id.* at 7-9.) Finally, plaintiff appears to assert that his defense counsel is a proper defendant in this action because he failed to challenge the prosecutors' reliance on

REPORT AND RECOMMENDATION
PAGE - 3

fabricated statutory language at sentencing, even though there was reason to do so, and that counsel therefore conspired with the prosecutors. (*See id*. at 4-5, 10.)

*Heck* makes clear that *any* claim which may call into question the lawfulness of a conviction or the duration of an inmate's confinement is not cognizable in an action brought under § 1983 unless the conviction or confinement has been invalidated in some way. *See Heck*, 512 U.S. at 486-87. A decision in plaintiff's favor on the claims asserted in this action would *necessarily* call into question the lawfulness of the sentence imposed. Plaintiff makes clear that his sentence has not been invalidated in any way, and his suggestion that his inability to invalidate his sentence through the appropriate processes entitles him to pursue relief through this § 1983 action is directly contrary to the holding in *Heck.* Plaintiff's claims are barred by *Heck* and his complaint should therefore be dismissed.

The Court observes as well that plaintiff has not demonstrated that any of the named defendants is a viable defendant in this action. The deputy prosecuting attorneys, in preparing and presenting the judgment and sentence in plaintiff's underlying criminal case, were clearly acting within the scope of their official duties. Plaintiff's claim that defense counsel conspired with the deputy prosecutors to, in plaintiff's view, ensure that he received a life without parole sentence, is speculative at best and in no way demonstrates that counsel is a proper defendant here.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable claim for relief. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

REPORT AND RECOMMENDATION
PAGE - 4

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on April 9, 2021.

DATED this 15th day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge