UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIDNEY D. JENKINS, III,

        Plaintiff,

v.

TIMOTHY BRADSHAW, *et al.*,

        Defendants.

Case No. C20-1794-BJR

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

## I.    INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Sidney Jenkins was granted leave to proceed in this action *in forma pauperis*. Currently before this Court is the Report and Recommendation of the Honorable Mary Alice Theiler in which she recommends that Plaintiff's complaint and this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Having reviewed the Report and Recommendation, Plaintiff's objections thereto, the record of the case, and the relevant legal authority, the Court will adopt the recommendation.

---

[1] There is a typographical error on the first page of the Report and Recommendation, suggesting that the matter be dismiss "without" prejudice. Dkt. No. 11 at 1. The conclusion clarifies that the Recommendation is for this Court to dismiss this action "with" prejudice. *Id*. at 4.

## II.      BACKGROUND

On December 9, 2020, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. Dkt. 1. Plaintiff alleges causes of action arising out of his criminal prosecution in King County Superior Court in 1998-99. Dkt. 7. Specifically, Plaintiff alleges that Timothy Bradshaw and Stephen Teply, the two King County deputy prosecutors who prosecuted the criminal case against him, violated his due process rights by "fabricat[ing]" a sentencing statute during the sentencing phase of Plaintiff's trial causing him to be wrongfully sentenced to a term of life in prison without the possibility of parole. *See* id. at 4-8. Plaintiff further alleges that his defense counsel allowed the prosecutors to fabricate the statute and thereby engaged in a conspiracy to violate Plaintiff's due process rights. *Id*. at 9. Lastly, Plaintiff alleges that the prosecutor who filed the charging document against him violated his right to equal protection when the prosecutor falsely designated the victim of Plaintiff's crime as a non-participant resulting in a monetary judgment being entered against Plaintiff. *Id*. at 10-11. Plaintiff seeks $20 million in damages for the alleged violations of his rights. *Id*. at 13.

On January 27, 2021, the Honorable Judge Theiler issued an order (the "Show Cause Order") directing Plaintiff to show cause why this action should not be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits § 1983 claims related to the lawfulness of a conviction or sentence  "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Dkt. 8. The Show Cause Order noted that Plaintiff's conviction had apparently not been invalidated in any fashion and it therefore appeared that his claims were barred by *Heck*. *Id*. The Show Cause Order further noted that even assuming Plaintiff's claims were not barred by *Heck*, it appeared that Plaintiff had not identified a viable defendant in his complaint because Mr. Bradshaw and Mr. Teply are entitled

to absolute immunity from liability in this action as the prosecutors in Plaintiff's criminal trial. *Id*. at 2-3 (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors have specifically been accorded absolute immunity from § 1983 claims for acts done within the scope of their official duties)). The Show Cause Order further explained that Plaintiff's public defender was not considered a state actor for purposes of suing under § 1983. *Id*. at 3 (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)).

Plaintiff filed a response to the Show Cause Order on February 3, 2021. Dkt. 9. Among other allegations, Plaintiff argued that *Heck* does not bar his claims because success in this § 1983 action would not invalidate his prison sentence; instead, at most, it would entitle him to monetary damages. *Id*. at 5-6. Plaintiff explained that he attempted to obtain habeas relief from the state courts for his conviction but was precluded from doing so by the state time bar, RCW 10.73.090, and that he sought permission to file a second federal habeas petition but was precluded from doing that too. *Id*. at 6. Plaintiff maintained that because he was foreclosed from pursuing habeas relief in any forum, his prison sentence will stand regardless of the outcome of this case. *See id*.

Thereafter, on March 15, 2021, Judge Theiler issued the instant Report and Recommendation in which she recommends that this Court dismiss Plaintiff's claims with prejudice under 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable claim for relief. Dkt. No. 11.

Plaintiff filed objections to the Report and Recommendation. Dkt. No. 12. In the objections, Plaintiff once again argues that *Heck* is not applicable to the instant case because he is not seeking invalidation of his sentence; rather, he is seeking monetary damages. *Id*. at 3. He further argues that Mr. Bradshaw and Mr. Teply are not entitled to absolute immunity because

they fabricated the sentencing statute as part of the pre-sentencing report and filing the pre-sentencing report is an administrative duty that is protected by qualified, not absolute immunity. He also argues for the first time that the prosecutors "suppressed" a pre-sentencing report written by Leda Patrick, a community corrections officer. *Id*. at 10. Lastly, Plaintiff argues that his defense attorney is a proper defendant in this case because he was "complicit[e]" in the prosecutors' actions. *Id*. at 6.

### III.   DISCUSSION

Plaintiff's § 1983 claims are barred by *Heck v. Humphrey*. In *Heck*, the United States Supreme Court conclusively held that: "in order to recover for damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 26 U.S.C. § 2254." 512 U.S. at 486-487 (emphasis added). The Supreme Court further clarified that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgement in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. Here, Plaintiff alleges that the prosecutors, with defense counsel's acquiescence, pulled the wool over the sentencing judge's eyes by presenting him with a "fabricat[ed]" sentencing guideline that caused the judge to sentence Plaintiff to life without parole. Sentencing Plaintiff according to a fabricated sentencing guideline would certainly constitute an unlawful action that "would render [Plaintiff's] conviction or sentence

invalid". *Heck*, 512 U.S. at 486. Thus, *Heck* bars Plaintiff's § 1983 claims unless Plaintiff can establish that his conviction has been invalidated. This, of course, is something Plaintiff cannot do having conceded in his response to the Show Cause Order that he failed to file a timely habeas petition in state court. Therefore, Plaintiff's claims must be dismissed as a matter of law.

In addition, this Court agrees with the Honorable Judge Theiler that Plaintiff has failed to name a viable defendant in this case. A prosecutor's actions that are "intimately associated with the judicial phase of the criminal process" are shielded by absolute immunity from § 1983 lawsuits. *Imbler*, 424 U.S. at 430-31. Clearly, Prosecutors Bradshaw and Teply' act of advocating during the sentencing phase of Plaintiff's criminal trial was "intimately associated with the judicial phase" of the trial. Thus, the Prosecutors are entitled to absolute immunity from Plaintiff's claims.

As noted above, Plaintiff alleges for the first time in his objections to the Report and Recommendation that the Prosecutors "suppressed" a pre-sentencing report filed by Ms. Patrick, a community corrections officer. Plaintiff makes this stark allegation without providing any factual support. Nevertheless, this Court has reviewed the pre-sentencing report and concludes that even if it was indeed suppressed—an allegation the Court finds highly suspect—it would be harmless given that in the report Ms. Patrick concludes that Plaintiff "meets the criteria under the Persistent Offender-Three Strikes Legislation, which mandates a sentence of life in prison without the possibility of parole," which, of course, is the sentence Plaintiff received. Dkt. No. 9 at 16. Plaintiff argues that Ms. Patrick recommended a sentence of 450 months as opposed to life without parole. Plaintiff is mistaken. Ms. Patrick recommends a sentence of 450 month as an alternative to life without parole only if the sentencing judge determined "that [Plaintiff] does not meet the criteria of Persistent Offender." *Id*. at 16. The sentencing judge determined that Plaintiff

met the criteria of Persistent Offender, so the recommended sentence of 450 months was not applicable.

Likewise, Plaintiff cannot maintain a § 1983 action against his defense attorney, the other named Defendant in this case. The United States Supreme Court has made clear that neither private attorneys nor public defenders are considered state actors for purposes of bringing suit under § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Thus, Mr. Minor is not subject to suit in this § 1983 action.

### IV.   CONCLUSION

For the foregoing reasons, the Court HEREY ADOPTS the Report and Recommendation and dismisses Plaintiff's claims with prejudice under 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable claim for relief.

Dated this 12th day of April 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge